# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY E. SINGLETON,<br><br>           Petitioner,<br><br>v.<br><br>SAM ALVARODO, Parole Agent, et al.,<br><br>           Respondents. | Civil No.  09-1173 JAH (AJB)<br><br>**ORDER DENYING PETITIONER'S REQUEST FOR DISCOVERY; GRANTING PETITIONER'S APPLICATION FOR EXTENSION OF TIME TO FILE TRAVERSE**<br><br>**[Doc. No. 20.]** |

  Petitioner Stanley Singleton (hereinafter "Petitioner"), a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his parole revocation hearing. On May 18, 2010, Petitioner filed an *ex parte* application for extension of time to file a traverse and an application to serve discovery requests on Respondents. He also filed proposed interrogatories and request for admissions as required under the Rules Governing Habeas Corpus Cases Under Section 2254. Respondents filed an opposition on June 22, 2010.

  On October 1, 2007, while on parole, Petitioner was arrested for vandalism, drunk in public and resisting a peace officer. (Pet. at 6, Exs. A & B; Notice of Lodgment ("Lodgment") 2.) His parole was placed on hold. (Lodgment 2.) On October 29, 2007, a parole revocation hearing was held. (Lodgment 4.) The charges for vandalism and drunk in public were dismissed and Petitioner was assessed an eight month revocation term for resisting arrest. (Pet., Ex. D.)

At the hearing, in response to questions from the presiding hearing officer, the arresting officer, Manansala testified that when he arrived on the scene, Petitioner was cursing at the officers, pacing in a circle and agitated. (Lodgment 4, Tape Recording dated Oct. 29, 2007.) Officer Manansala determined Petitioner had been drinking alcohol by his agitated state, slurred speech, watery and bloodshot eyes, unsteady gait, and the smell of alcohol on his breath. (Id.) When Petitioner was ordered to put his hands behind his back, at first, Petitioner was reluctant, but later he complied and handcuffs were placed on him. (Id.) Officer Manansala testified that while in handcuffs, Petitioner remained argumentative with the police officers but followed their commands. (Id.) At the hearing, Petitioner's attorney briefly cross-examined Officer Manansala regarding Plaintiff's reluctancy to put his hands behind his back. (Id.) Petitioner's attorney also objected stating that Officer Manansala's testimony was not in the police report. (Id.)

In the underlying petition, Petitioner argues that the parole revocation decision was not supported by sufficient evidence to support the charge of resisting a peace officer because Manansala committed perjury by testifying to facts that were not in his police report. In the instant *ex parte* application, Petitioner seeks to propound interrogatories and request for admissions on Officer Manansala regarding whether he perjured his testimony at the parole revocation hearing.

A habeas corpus petitioner is not entitled to discovery as a matter of right. Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2254 Cases provides that "a judge, may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a), 28 U.S.C. foll. § 2254. In order to be entitled to discovery, a petitioner must make specific factual allegations that demonstrate good reason to believe the petitioner may, through discovery, be able to garner sufficient evidence to entitle him to relief. Bracy, 520 U.S. at 908-09 (citation omitted). Rule 6 of the Federal Rules Governing Section 2254 Cases, however, does not allow for fishing expeditions and unsupported speculative theories do not warrant discovery. See id.; see also Harris v. Johnson, 81 F.3d 535, 540 (5th Cir. 1996).

Revocation of parole is not part of a criminal prosecution, and thus "the full panoply of rights due a defendant in such a proceeding does not apply." Morrissey v. Brewer, 408 U.S. 471, 480 (1972). "All evidence relevant to the charges or disposition is admissible in parole . . . revocation proceedings."

1  Cal. Code Regs. tit. 15, § 2665; People v. Rafter, 41 Cal. App. 3d 557, 560 (1974).  During the hearing,
2  the parolee has the right, under the direction of the hearing panel, to question all witnesses.  Id. § 2643.
3        Petitioner objects to Officer Manansala's testimony because the facts in his sworn testimony
4  were not in Manansala's written police report.  As a result, Petitioner assumes that Officer Manansala
5  committed perjury and claims the testimony is inadmissible at a parole revocation hearing.
6        First, Petitioner has not provided any legal support for his argument limiting an officer's
7  testimony to facts in a police report.  In fact, the California Code of Regulations states that all evidence
8  relevant to the charges is admissible in parole revocation proceedings.  See Cal. Code Regs. tit. 15, §
9  2665.  Sworn testimony from the arresting officer is relevant to the charge of resisting a peace officer.
10 Officer Manansala merely provided more detail than the police report about what happened when he
11 tried to handcuff Petitioner.  Second, Petitioner has not provided any specific facts regarding Officer
12 Manansala's alleged perjury to show that discovery is warranted.  Third, the proposed interrogatories
13 and requests for admission concern Manansala's police report and testimony which are already part of
14 the record.  Answers to Petitioner's discovery requests would not provide additional facts to support his
15 habeas claim.  The Court finds that Petitioner has not provided good cause to conduct discovery in this
16 matter.
17       Accordingly, the Court **DENIES** Petitioner's request to serve discovery requests on
18 Respondents.  The Court **GRANTS** Petitioner's application for extension of time to file a traverse.
19 Petitioner may file a traverse on or before **July 30, 2010.**
20       IT IS SO ORDERED.
21
22 DATED: June 30, 2010
23
                                                _____
24                                                 Hon. Anthony J. Battaglia
                                                U.S. Magistrate Judge
25                                                 United States District Court
26
27
28